# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:16-CV-262-RLV-DCK

| | |
|---|---|
| MICHELLE ARYEV, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **MEMORANDUM AND** ) **RECOMMENDATION** ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Renewed Motion For Summary Judgment" (Document No. 11) and "Defendant's Motion For Summary Judgment" (Document No. 12). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Renewed Motion For Summary Judgment" be denied; that "Defendant's Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated.

## I. BACKGROUND

Plaintiff Michelle Aryev ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about December 5, 2013, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning December 1, 2006. (Transcript of the Record of Proceedings ("Tr.") 63, 259, 261). The Commissioner of Social Security (the

"Commissioner" or "Defendant") denied Plaintiff's application initially on February 20, 2014, and again after reconsideration on May 28, 2014. (Tr. 190, 194, 203). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> We have determined your condition was not disabling on any date through 12/31/09, when you were last insured for disability benefits. In deciding this, we considered the medical records, your statements, and how your condition affected your ability to work.
>
> You said you are unable to work because of bipolar I, bipolar II, depression, ADHD, OCD, anxiety, chronic pain, and fractured right elbow.
>
> Though you are in discomfort due to your physical conditions, the medical evidence shows that you are still able to move about and to use your arms, hands, and legs in a satisfactory manner. Though you are depressed and anxious at times, the medical records show that you are able to think, communicate, and act in your own interest. Your condition does not result in significant limitations in your ability to perform basic work activities. We have determined that your condition is not severe enough to be considered disabling. In deciding this, we considered the medical records, your statements, and how your condition affects your ability to work.

(Tr. 203).

Plaintiff filed a timely written request for a hearing on July 9, 2014. (Tr. 63, 209-210). On August 20, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Donald P. Cole (the "ALJ"). (Tr. 63, 82-141). In addition, Robin Scher, a vocational expert ("VE"), and Don Jorgensen, Plaintiff's attorney, appeared at the hearing. Plaintiff's neighbor, James Diethrich, appeared as a witness and testified at the hearing. Id.

The ALJ issued an unfavorable decision on September 11, 2015, denying Plaintiff's claim. (Tr. 60-75). On November 10, 2015, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on June 3, 2016. (Tr. 1-4, 63). The ALJ decision

became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on August 2, 2016. (Document No. 1). On September 1, 2016, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Renewed Motion For Summary Judgment" (Document No. 11) and "Renewed Memorandum In Support Of Plaintiff's Motion For Summary Judgment" (Document No. 11-1) were filed January 6, 2017; and "Defendant's Motion For Summary Judgment" (Document No. 12) and "Memorandum Of Law In Support Of Defendant's Motion For Summary Judgment" (Document No. 13) were filed February 15, 2017.

Plaintiff declined to file a response/reply brief, and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013). The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II.   STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v.

Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between December 1, 2006, and the date of his decision.[1] (Tr. 63). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203; Monroe v. Colvin, 826 F.3d 176, 179-80 (4th Cir. 2016). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 73-74).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since December 1, 2006, her alleged disability onset date. (Tr. 65). At the second step, the ALJ found that affective disorder; anxiety disorder; and attention deficit hyperactivity disorder

(ADHD), were severe impairments.[2]  (Tr. 65-66).  At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.  (Tr. 66-68).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform full range of work activity, with the following limitations:

> The claimant is limited to understanding, remembering, and carrying out simple, routine, repetitive tasks, with breaks every two hours, to no interaction with the general public, and to occasional work-related, non-personal, non-social interaction with co-workers and supervisors involving no more than a brief exchange of information or hand-off of product.

(Tr. 68).  In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p."  Id.

At the fourth step, the ALJ held that Plaintiff had "not worked at a substantial gainful activity level for an extended period such that any of her past occupations qualify as past relevant work".  (Tr. 73) (citing 20 CFR 404.1565 and 416.965).  The ALJ previously noted that Plaintiff had earnings of $6,372.50 in 2006 and $303.50 in 2010.  (Tr. 65).

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," that "jobs exist in significant numbers in the national economy" that Plaintiff could perform.  (Tr. 73).  Specifically, the VE testified that according to the factors given by the ALJ, occupations

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage.  See Bowen v. Yuckert, 482 U.S. 137 (1987).

claimant could perform included day worker; cleaner/housekeeper; and small products assembler. (Tr. 74). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between December 1, 2006, and the date of his decision, September 11, 2015. (Tr. 74-75).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in discrediting the opinions of Plaintiff's treating providers and the state agency's physicians without good reason; and (2) the ALJ erred in the RFC formulation under agency ruling as set forth in SSR 85-16 and the recent ruling in Mascio v. Colvin. (Document No. 11-1, pp.3-4).

The undersigned is persuaded that Plaintiff's second alleged error provides sufficient cause for remand.

**Applicability of Mascio v. Colvin**

In her second assignment of error, Plaintiff argues that the ALJ erred in the formulation of the RFC, both under agency ruling as set forth in SSR 85-16, and the recent ruling in Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) (Document No. 11-1, p.11). Plaintiff asserts that

> the ALJ found Plaintiff to have moderate restrictions in the areas of activities of daily living, social functioning, and concentration, persistence or pace, with her treating doctor finding she had moderate restrictions in the areas of activities of daily living, and **marked** restrictions in the areas of social functioning, concentration, persistence or pace. Noticeably absent from the decision is any discussion on how these restrictions impact the Plaintiff's RFC.

(Document No. 11-1, p.11) (emphasis added).

Plaintiff argues that her limitations should be found to be marked or severe, as assessed by her treating physician, but even applying moderate limitations, the ALJ's RFC is still lacking. (Document No. 11-1, p.12). Plaintiff notes that like Mascio, there is no discussion here of Plaintiff's ability to perform medium work for a full workday. Id.

7

In addition, Plaintiff suggests "that the ALJ's ruling also does not meet the requirements of SSR 85-16 that deals with RFC's for mental impairments." (Document No. 11-1, pp. 12-13). Plaintiff states that the ALJ found that Plaintiff had moderate limitations as a result of her mental impairment; however, "lacking in his decision is a proper assessment of the Plaintiff's specific mental impairments as it applies to his RFC as directed under this ruling." (Document No. 11-1, p.13).

In response, Defendant asserts that Plaintiff's argument "ignores the plain language of the ALJ's decision, which included all relevant limitations as well as a proper discussion of the evidence supporting the ALJ's conclusions." (Document No. 13, p.9). Defendant notes that the Mascio decision found that "the ability to perform simple tasks differs from the ability to stay on task, and thus, a limitation to 'simple, routine tasks,' or 'unskilled work' does not account for a claimant's limitations in concentration, persistence, or pace." Id. Defendant argues that "Mascio did not establish a per se rule that whenever a claimant has moderately limited concentration, persistence, or pace, the residual functional capacity finding must include something more than a limitation to 'simple, routine tasks' or 'unskilled work.'" (Document No. 13, p.10). "Rather, the Court found that remand was appropriate because the ALJ had failed to explain whether the claimant's limitation in concentration, persistence, or pace affected her ability to work. Id. (citing Mascio, 780 F.3d at 638.

Defendant contends that the decision here is different than Mascio. (Document No. 13, p.11). In support, Defendant cites three decisions by this Court that declined to find error pursuant to Mascio, where the ALJ had limited a claimant to simple, routine tasks at a non-production pace or not involving assembly line pace or strict quotas. (Document No. 13, pp.11-12) (citing White v. Colvin, 1:14-CV-722-RJC, 2016 WL 1600313, at*6-7 (W.D.N.C. Apr. 21, 2016); Horning v.

8

Colvin, 3:14-CV-722-RJC, 2016 WL 1123103, at *4 (W.D.N.C. Mar. 21, 2016); and Taylor v. Colvin, 3:14-CV-510-GCM, 2016 WL 1032345, at *7 (W.D.N.C. Mar. 15, 2016).

The undersigned is persuaded that the ALJ does not adequately account for Plaintiff's moderate limitations in concentration, persistence, and pace in his RFC finding. Pursuant to Mascio, the limitation to "simple, routine, repetitive tasks," without more explanation, is not adequate. (Tr. 68). In Mascio, the Fourth Circuit opined that

> we agree with other circuits that an ALJ does not account "for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits). As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace.

Mascio, 780 F.3d at 638.

Here, the ALJ's hypothetical to the VE limited Plaintiff to "simple, routine, repetitive tasks;" however, unlike the decisions Defendant cites from this Court, the ALJ did not discuss, or adequately account for Plaintiff's ability to stay on task and to work for a full workday. See (Tr. 68, 73) and (Document No. 13, pp.11-12).

In short, the undersigned finds Plaintiff's position on this issue to be compelling. (Document No. 11-1). "[T]he ability to perform simple tasks differs from the ability to stay on task." Mascio, 780 F.3d at 638. The ALJ's failure to adequately address Plaintiff's limitations as to concentration, persistence, and pace frustrates meaningful review.

While Defendant may ultimately be correct that Plaintiff can perform work in the national economy, the undersigned finds that the ALJ's opinion is deficient based on the Fourth Circuit's decision in Mascio v. Colvin. See also Kidd v. Colvin, 1:15-CV-208-GCM-DCK, 2017 WL

9

443469 (W.D.N.C. Jan. 10, 2017) aff'd by 2017 WL 442898 (W.D.N.C. Feb. 1, 2017); Boyd v. Berryhill, 3:16-CV-069-GCM-DCK, 2017 WL 1080926 (W.D.N.C. Feb. 22, 2017) aff'd by 2017 WL 1086334 (W.D.N.C. March 21, 2017); Shook v. Berryhill, 1:16-CV-105-DCK, 2017 WL 833060 (W.D.N.C. March 2, 2017); Brooks v. Berryhill, 5:16-CV-086-RLV-DCK, (W.D.N.C. March 8, 2017); and Mills v. Berryhill, 3:16-CV-598-DCK, 2017 WL 1682548 (W.D.N.C. Apr. 28, 2017).

## IV. CONCLUSION

Based on the foregoing, the undersigned is not persuaded that substantial evidence supports the Commissioner's decision and that the Commissioner applied the correct legal standards. As such, the undersigned will recommend that the Commissioner's decision be vacated and that this matter be remanded for further consideration. On remand, an ALJ should review each of Plaintiff's alleged errors and properly account for limitations in concentration, persistence and pace, in accordance with Mascio.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Renewed Motion For Summary Judgment" (Document No. 11) be **DENIED**; and "Defendant's Motion For Summary Judgment" (Document No. 12) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for further consideration, as directed herein.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days**

of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: August 15, 2017

David C. Keesler
United States Magistrate Judge